VINCENT OLIVERI et al., Respondents, v FIRST REHABILITATION INSURANCE COMPANY OF AMERICA, Appellant.—In an action for a declaratory judgment construing the effect of a certain rider clause contained in a long-term disability policy of insurance issued by the defendant, the appeal is from a judgment of the Supreme Court, Suffolk County, entered January 30, 1980, which, inter alia, granted summary judgment to the plaintiffs, construed the rider clause in a manner favorable to the plaintiffs and directed that the plaintiff insured receive monthly benefits in the amount of $1,048.30, from July, 1978. Judgment reversed, without costs or disbursements, and matter remanded to Special Term for further proceedings consistent herewith. We find correct Special Term's conclusion that Rider Clause GRR—4(a) ("Reduction in Indemnity for Disability Benefits Payable Under a Pension or Retirement Program") is ambiguous on its face, and in particular, that the language "paid or payable" contained therein admits of more than one interpretation. However, we find erroneous Special Term's application of the strict construction rule and consequent construction of the clause, on conflicting affidavits, in a manner most favorable to the plaintiff insured. Since the original contract of insurance was executed by the policyholder (plaintiff Commack Union Free School District) and the defendant insurance company, and further since a favorable construction to the insured may do violence to the language and dominant purpose of the policy, we find a hearing of the matter to be the most propitious course of action. At such hearing, the question of contractual intent can be answered (as elucidated by plaintiff policyholder and defendant) with respect to the meaning of the "paid or payable" language contained in GRR—4(a), and whether defendant was warranted, pursuant thereto, in reducing the long-term disability benefits in light of the plaintiff insured's right to receive disability benefits from his former employer (prior to the insured's application for such benefits). The hearing shall also engage and dispose of the issue of whether the insured was under an obligation to apply in good faith for, and commence receiving, disability benefits from relevant collateral sources. Titone, J. P., Mangano, Rabin and Gulotta, JJ., concur.